**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR441** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **WILLIE B. HAYNES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 93). The Defendant, Willie B. Haynes, has also filed: a supporting brief (Filing No. 94); a poverty affidavit, construed as request for leave to proceed in forma pauperis (Filing No. 95); and a prisoner account statement (Filing No. 96).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On December 8, 2010, the Eighth Circuit Court of Appeals affirmed the Judgment of this Court in Haynes's case. Haynes did not file a petition for a writ of certiorari; his deadline for doing so was March 8, 2011.[1]  S. Ct. R. 13 & 29.2. Because a petition for

_____

[1]On May 16, 2011, the Eighth Circuit construed a pleading as an untimely petition for rehearing, which the court denied as untimely. (Filing No. 88).

certiorari was not filed, Haynes's conviction became final on March 8, 2011. Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." Therefore, the one-year period in this case ran on March 8, 2012. *United States v. Martin,* 408 F.3d 1089, 1090-91 (8th Cir. 2005); *Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999) (in the context of 28 U.S.C. § 2244). Haynes's § 2255 motion was placed in the prison mail system on May 23, 2012. (Filing No. 93, at 13.) Therefore, his motion is untimely.

In his brief, Haynes argues that the one-year statute of limitations is not jurisdictional and is subject to equitable tolling. He argues that his lack of knowledge of the one-year filing deadline, despite his efforts at research, constituted limited circumstances justifying equitable tolling in his case. In support of his argument Haynes refers to his 1995 federal conviction that predated the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He argues that his prior federal conviction predated the AEDPA and the timing of his prior federal conviction contributed to his lack of knowledge of the AEDPA's one-year limitation for the filing of a § 2255 motion.

The Eighth Circuit has determined that equitable tolling applies in very limited situations, "'where extraordinary circumstances beyond a prisoner's control prevent the timely filing of a petition'" or where the "'conduct of the defendant has lulled the plaintiff into inaction.'" *Earl v. Fabian,* 556 F.3d 717, 722 (8th Cir. 2009) (quoting *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001)). Lack of legal knowledge is not considered an "extraordinary circumstance" warranting the doctrine of equitable tolling in the context of the AEDPA. *Shoemate v. Norris,* 390 F.3d 595, 598 (8th Cir. 2004) (citing *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000)). Haynes's argument that he could not have been aware of

the one-year limitation because his only prior federal conviction was in 1995 does not support his argument, as the AEDPA was enacted on April 24, 1996, prior to Haynes's June 28, 1997, release from imprisonment on the underlying offense and his October 16, 2000, release from custody following his supervised release violation. Finally, Haynes has not alleged that the government caused him to miss the filing deadline.

Even assuming for the sake of argument that equitable tolling applies and the Court could address the merits of Haynes's case, the record shows that it is highly unlikely that Haynes would be entitled to relief on the merits of his claim. Haynes's argument is premised on a misconception that in order to be considered as a qualifying prior conviction for career offender purposes under U.S.S.G. § 4B1.1, he would have had to be sentenced on that prior conviction to more than one year imprisonment. (Filing No. 94, at 4.) However, a qualifying "[p]rior felony conviction means a prior . . . conviction for an offense *punishable* by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony *and regardless of the actual sentence imposed*." U.S.S.G. § 4B1.2 application note 1 (2008) (emphasis added). At sentencing, defense counsel withdrew Haynes's objections to his career offender status after stating that he had received the government's documentary evidence and reviewed it with Haynes and "there is no dispute as to the priors." (Filing No. 63, at 3.) Therefore, it appears that the evidence, likely consisting of court records relating to Haynes's prior offenses, persuaded Haynes and his attorney that Haynes's prior offenses were qualifying offenses for his career offender status. Under the law and this set of facts, Haynes's attorney would not be ineffective for failing to pursue the objection to Haynes's career offender status.

In summary, Haynes's motion is untimely, and even if the doctrine of equitable tolling applied it is unlikely that he would prevail on the merits.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 93);

2.      Upon initial review, the Court summarily denies the Defendant's § 2255 motion (Filing No. 93) as untimely;

3.      The Defendant's request for leave to proceed in forma pauperis (Filing No. 95) is denied as moot;

4.      A separate Judgment will be issued denying the § 2255 motion; and

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 31st day of May, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge